# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN DAVID VASQUEZ-URIBE,<br><br>Petitioner,<br><br>v.<br><br>U.S. ATTORNEY GENERAL, et al.,<br><br>Respondents. | Case No. CV 15-6807 ODW (AFM)<br><br>**ORDER DISMISSING ACTION FOR FAILURE TO PROSECUTE** |

On June 15, 2015, petitioner delivered a Petition for Writ of Habeas Corpus by a Person in Federal Custody (28 U.S.C. § 2241) to prison officials at the federal prison in Victorville, California, for filing in the district court for the Central District of California ("Court"). The Petition was filed in the Court on September 2, 2015. The gravamen of petitioner's claims is that his parole eligibility determination under the Sentencing Reform Act of 1984 violates the Equal Protection Clause.

On September 9, 2015, petitioner was served with a Notice of Reference to a U.S. Magistrate Judge. However, the Notice was returned to the Court undelivered. The envelope in which the Notice was returned contained a handwritten notation stating that petitioner had not been incarcerated at the Victorville facility since July 14, 2015.

Central District Local Rule 41-6 provides:

> "DISMISSAL - FAILURE OF PRO SE PLAINTIFF TO KEEP COURT APPRISED OF CURRENT ADDRESS.  A party appearing pro se shall keep the Court and opposing parties apprised of such party's current address and telephone number, if any.  If mail directed by the Clerk to a pro se plaintiff's address of record is returned undelivered by the Postal Service, and if, within fifteen (15) days of the service date, such plaintiff fails to notify, in writing, the Court and opposing parties of said plaintiff's current address, the Court may dismiss the action with or without prejudice for want of prosecution."

Here, petitioner has failed to notify the Court of his current address within 15 days of the service date of the undelivered mail described above, as required by Local Rule 41-6.  His failure to keep the Court apprised of his current address renders this case indistinguishable from *Carey v. King*, 856 F.2d 1439, 1441 (9th Cir. 1988).  In *Carey*, the Ninth Circuit affirmed the district court's dismissal of a case for failure to prosecute and stated that "[i]t would be absurd to require the district court to hold a case in abeyance indefinitely just because it is unable, through the plaintiff's own fault, to contact the plaintiff to determine if his reasons for not prosecuting his lawsuit are reasonable or not."

The Ninth Circuit cited the five factors as relevant to the district court's determination whether dismissal of a pro se plaintiff's action is warranted: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits, and (5) the availability of less drastic sanctions."  *Carey, supra*, 856 F.2d at 1440.  Here, the Court finds that the first, second and fifth *Carey* factors militate in favor of dismissal.  While the Court finds that the third and fourth *Carey* factors do not militate in favor of dismissal, the

Court has concluded that the other three factors in this instance outweigh the third and fourth factors.

It therefore is ORDERED that the reference of this matter to the Magistrate Judge is vacated; and that this action be dismissed without prejudice pursuant to Federal Rule of Civil Procedure 41(b), Local Rule 41-6 and the Court's inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions for failure to prosecute. *See also Link v. Wabash R.R.*, 370 U.S. 626, 629-30 (1962).

LET JUDGMENT BE ENTERED ACCORDINGLY.

DATED: October 5, 2015

OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE

Presented By:

ALEXANDER F. MacKINNON
UNITED STATES MAGISTRATE JUDGE